UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SCOTT ANDREW WITZKE, | )<br>) |
| Plaintiff, | ) Case No. 1:87-cv-944<br>) |
| v. | ) Honorable Robert Holmes Bell<br>) |
| JOHN RUBITSCHUN, et al., | )<br>) **MEMORANDUM OPINION** |
| Defendants. | )<br>) |

This prisoner civil rights action, filed in December of 1987, challenged the constitutionality of a state statute, Mich. Comp. Laws § 791.240a, to the extent that the statute denied certain parole violators their right to a hearing on the issue of mitigation on revocation of their parole. The case ended with the entry of a declaratory judgment in favor of plaintiff, declaring that plaintiff is entitled to a factfinding hearing on the issue of mitigation on any future parole revocation charges, regardless of the nature of the charge. The court declined plaintiff's request for injunctive relief, but held open the possibility of a future injunction should state officials violate the court's declaratory judgment. *Witzke v. Withrow*, 702 F. Supp. 1338, 1340-41 (W.D. Mich. 1988). In a companion habeas corpus action (case no. G88-325), the court granted Mr. Witzke's application for habeas corpus relief, directing that he be enlarged unless he were afforded a proper revocation hearing on the issue of mitigation within forty-five days.

Nearly seventeen years later, this matter is again before the court on plaintiff's motion for the entry of final injunctive relief. Plaintiff, who is again an inmate of the Michigan Department

of Corrections, relies on the court's previous reservation of the question of injunctive relief or, alternatively, on the provisions of Rule 60(b)(6) of the Federal Rules of Civil Procedure. The occasion for plaintiff's request for injunctive relief is the revision of policy directive PD 06.06.100, effective 2/1/05, to contain the following provision:

> Based on the evidence presented at the hearing, the Parole Board member or hearing officer shall determine by a preponderance of the evidence whether the parolee violated a condition of parole. If all charges are dismissed at the hearing, the parolee shall be reinstated on parole. If one or more of the charges is sustained, the Parole Board member or hearing officer shall submit a written report of his/her findings of fact and recommended disposition of the charges to the Parole Board for a determination as to whether parole should be revoked. If parole is revoked, the Parole Board also shall determine if and when the parolee will be reparoled or when the parolee will be reconsidered for parole. *However, if parole is revoked because the parolee was found to have violated a condition of parole prohibiting ownership or possession of a firearm, including having a firearm under his/her control, or, without authorization, being in the company of a person who the parolee knew to possess a firearm, the parolee shall not be reconsidered for parole for 60 months if the violation occurred after July 13, 2004. This includes imitation and simulation of firearms.*

PD 06.06.100 ¶ Z (emphasis added). Plaintiff argues that the revised policy directive is a patent violation of the court's declaratory judgment, because it dictates a 60-month sentence for possession of a gun regardless of the facts presented in a mitigation hearing. After plaintiff filed his motion for entry of injunctive relief, the magistrate judge granted a motion to substitute the present Chairman of the Michigan Parole Board and present Director of the Department of Corrections in the place of the original parties to this action.[1] The magistrate judge ordered the substituted parties to respond to the motion. The Attorney General, on behalf of the substituted parties, has now filed a motion

---

[1] Defendants have objected to this order of substitution. The court rejects defendants' position and finds the substitution proper under Rule 25(d).

to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff lacks standing to challenge PD 06.06.100. (docket # 103). Plaintiff has filed a reply brief, and the matter is now ready for decision.

## **Findings of Fact**

The facts necessary for the resolution of the present controversy are simply stated. At the time plaintiff filed his complaint in 1987, he was serving a sentence of 2-1/2-to-14 years' imprisonment, imposed in 1982 for felony convictions on property crimes. His parole had been revoked in May 1987, as a consequence of plaintiff's conviction for another crime while on parole. By virtue of Mich. Comp. Laws § 791.240a, as it then existed, a parolee whose parole was revoked because of conviction of a crime was not entitled to a hearing on the issue of mitigation. Plaintiff brought both a habeas corpus action and a civil rights action arising from the failure of parole authorities to grant him a mitigation hearing. After protracted proceedings in this court, including an evidentiary hearing, the court found that Supreme Court and Sixth Circuit authority required a mitigation hearing, even when the revocation of parole was based upon an admitted violation or the commission of a crime. 702 F. Supp. at 1351-53. The court granted habeas corpus relief requiring a mitigation hearing and a declaratory judgment regarding plaintiff's right to a mitigation hearing in the future.

Plaintiff alleges that he is now serving a term of 23 months to 14 years after his conviction for one count of uttering and publishing in Hillsdale County. Plaintiff does not allege that his present incarceration is the result of revocation of parole, nor does he allege that future parole revocations are somehow imminent. In fact, plaintiff expresses agreement with the spirit of the revised policy directive, which takes a "hard line" stance on parolees found to be carrying a gun.

Plaintiff does not allege that, if released on parole in the future, he intends to carry a gun. Plaintiff explains his motivation for seeking injunctive relief as follows: "Plaintiff really could care less about PD 06.06.100 in and of itself. It is, rather, this court's declaratory judgment that plaintiff seeks to enforce." (Reply Brief, docket # 105, at 9). In this context, plaintiff further informs the court that he will not be eligible for parole until July 9, 2006. (*Id.* at 11).

### Discussion

The Constitution limits the power of the federal courts to adjudication of "cases or controversies." U.S. CONST. art. III, § 2. The Article III requirement of a case or controversy has given rise to numerous doctrines of justiciability, including standing, ripeness, mootness, political questions, and the like. "Justiciability is an analytical approach that has been 'developed to identify appropriate occasions for judicial action, both as a matter of defining the limits of the judicial power created by Article III of the Constitution, and as a matter of justifying refusals to exercise the power even in cases within the reach of Article III.'" *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1146 (6th Cir. 1975) (quoting Charles A. Wright, Arthur R. Miller and E. H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3529, at 146 (1975)). Justiciability, then, is a concept founded in part upon Article III and in part upon judicial discretion. *See Renne v. Geary*, 501 U.S. 312, 316 (1991).

Defendant in the present case argues that plaintiff lacks standing to raise a challenge to PD 06.06.100. As noted above, standing is one aspect of justiciability. Because plaintiff won a declaratory judgment in this action concerning his right to due process in parole hearings, it appears to the court that plaintiff does have standing to at least assert that subsequent actions by defendants somehow invade the rights previously declared by the court. Even if a plaintiff has technical

standing, however, the related concept of ripeness directs the court to avoid adjudicating a controversy that is hypothetical or contingent.

The ripeness doctrine depends not only on the finding of a case or controversy under Article III, but also upon a court's determination that a judicial resolution would be desirable under all the circumstances. *See Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003); *Adult Video Ass'n v. U.S. Dep't of Justice*, 71 F.3d 563, 567 (6th Cir. 1995). A case is not ripe for review when it depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985). In determining whether a case is ripe for adjudication, the court examines (1) the likelihood that the harm alleged will ever come to pass, (2) whether the factual record is sufficiently developed to allow adjudication, and (3) the hardship to the parties if judicial review is denied. *See Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002).

Applying these factors, the court concludes that the controversy framed in plaintiff's motion for entry of final injunctive relief is not ripe. First, it does not appear likely that any alleged harm will ever come to pass. In fact, plaintiff does not allege that he is, or may in the future be, subject to any harm. The question posed in plaintiff's motion will become concrete only after plaintiff is released on parole, which cannot happen any sooner than July 9, 2006. In order for plaintiff to be aggrieved by the challenged policy directive, he must be subject to threatened parole revocation for the possession of a firearm, an eventuality that now appears speculative and extremely unlikely. Second, the factual record is not sufficiently developed to allow adjudication of plaintiff's new claim. Obviously, the claims litigated in this court seventeen years ago had nothing to do with PD 06.06.100, which just became effective two months ago. Although plaintiff considers the new

policy directive to be somehow at odds with the court's declaratory judgment, the court has never examined this question, nor have defendants been given an opportunity to justify the policy directive under due-process principles. It appears to this court that the question raised in plaintiff's pending motion can only be answered in a new lawsuit, filed on the basis of real facts, not hypothetical ones. Finally, the court discerns no hardship to any party if judicial review is denied, as plaintiff will have the right to bring a new action if, as, and when the new policy directive has some application to his parole status. Consequently, this court determines that discretionary considerations inherent in the ripeness doctrine require that the court avoid opining on the constitutionality of the revised policy directive on the present record.

Even if this case were ripe for decision, equitable considerations would prohibit this court from issuing injunctive relief. Issuance of an injunction is an extraordinary remedy, granted only when a plaintiff faces irreparable injury. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982). In keeping with the general reluctance of any court of equity to exercise its discretion in the absence of a compelling need for extraordinary relief, plaintiff bears the burden to show a real danger that the act complained of will actually take place. "Injunction issues to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931). These concepts were applied by the Supreme Court in the case of *Los Angeles v. Lyons*, 461 U.S. 95 (1983), in which the Court reiterated principles that control the present case. *Lyons* involved a civil rights action brought by a person alleging that he was the victim of the excessive use of force by Los Angeles officers who applied a chokehold without justification. In examining plaintiff's ability to seek an injunction as a remedy for the civil rights violation arising from those events, the

Supreme Court remarked that the equitable remedy of an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a 'likelihood of substantial and immediate irreparable injury.'" 461 U.S. at 111 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).  The Court noted the unlikelihood that Lyons would ever be the victim of such police practices in the future.  "Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional." *Id.*  Likewise, plaintiff in the present case seeks an abstract ruling that the revised policy directive is contrary to this court's declaratory judgment, in the absence of any likelihood that plaintiff's rights will ever be impinged thereby.

This court does not doubt its authority to issue injunctive relief in aid of a previous declaratory judgment, either in this case or any other.  The request for injunctive relief, however, must arise in a ripe and concrete fashion and must satisfy the traditional equitable requirements for the issuance of extraordinary relief.  Plaintiff's request in the present case meets neither standard.  His motion for entry of final injunctive relief will therefore be denied.  Defendants' motion to dismiss will be denied as moot.


Dated:      April 18, 2005              /s/ Robert Holmes Bell
                                        Robert Holmes Bell
                                        Chief United States District Judge