UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| SCOTT ANDREW WITZKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:87-cv-944 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JOHN RUBITSCHUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff initiated the case in 1987 and was granted limited relief in the form of a declaratory judgment. *See Witzke v. Withrow*, 702 F. Supp. 1338 (W.D. Mich. 1988). On February 25, 2005, plaintiff moved for injunctive relief, asserting that a recent Policy Directive of the Michigan Department of Corrections abridges his rights under the declaratory judgment. By opinion and order entered April 19, 2005, this court denied the motion, finding that plaintiff's claim was hypothetical and not ripe. Plaintiff filed a timely motion to alter or amend judgment, which was denied on May 2, 2005. Plaintiff has now filed a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*.

Since the time plaintiff initiated this action, nearly eighteen years ago, Congress has severely restricted the ability of abusive litigants to proceed in the trial court or on appeal *in forma pauperis*. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was

"aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint or taking an appeal.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).  Plaintiff attempts to distinguish these cases, urging that the unique circumstances of this case renders section 1915(g) unconstitutional as applied.  The court does not find this case

- 2 -

to be unique, nor is it persuaded by any of plaintiff's constitutional arguments, which have been thoroughly considered and rejected by the Sixth Circuit.

Plaintiff has been an active litigant in the federal courts in Michigan. In a decision published eight years ago, the Eastern District found that plaintiff had filed five actions previously dismissed as frivolous in that court and was therefore barred from proceeding *in forma pauperis* under section 1915(g). *See Witzke v. Hiller*, 966 F. Supp. 538, 539-540 (E.D. Mich. 1997), *reconsideration denied*, 972 F. Supp. 426 (E.D. Mich. 1997). To that list could be added several cases dismissed in this district as frivolous, or for failure to state a claim, or on clear immunity grounds. *See, e.g., Witzke v. Benjamin*, 1-91-cv-657 (Order 4/9/92); *Witzke v. Cavanaugh*, 5-94-cv-118 (Order 11/17/94); *Witzke v. Brickley*, 1-96-cv-602 (Order 11/06/96). It is now well settled that such pre-PLRA dismissals count as "strikes." *See Wilson*, 148 F.3d at 604. Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. Plaintiff is therefore precluded from appealing *in forma pauperis*.

Plaintiff has thirty days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is $255.00, to the Clerk of this Court. Plaintiff's failure to comply with this order may result in dismissal of this appeal by the Sixth Circuit Court of Appeals.


Date:     May 19, 2005                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT  JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court

399 Federal Building

110 Michigan Street, NW

Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

- 3 -