UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SCOTT ANDREW WITZKE,       )
                           )
      Plaintiff,           )   Case No. 1:87-cv-944
                           )
v.                         )   Honorable Robert Holmes Bell
                           )
BARBARA SAMPSON, et al.,   )
                           )   **ORDER**
      Defendants.          )
_____)

      This is a post-judgment proceeding brought by a state prisoner to enforce a judgment of this court entered in his favor in 1988. The court's original judgment declared plaintiff's right, as a Michigan parolee, to a mitigation hearing even when parole revocation is based upon a new criminal conviction. *See Witzke v. Withrow*, 702 F. Supp. 1338 (W.D. Mich. 1988). Twenty years later, plaintiff finds himself again in the custody of the Michigan Department of Corrections. Plaintiff is now serving a sentence of 1½-to-20 years' imprisonment, imposed by the Wayne County Circuit Court on June 21, 2007, on an uttering-and-publishing conviction. Simultaneously, plaintiff is subject to revocation proceedings for violation of his parole on a September 2004 Hillsdale County conviction for uttering-and-publishing. The ground for parole revocation was plaintiff's commission of a new crime while on parole, as evidenced by the Wayne County conviction. Plaintiff asserts that his present custody is "partially" because of the parole revocation proceedings, while respondent contends that plaintiff is in custody only as a result of the Wayne County conviction. Plaintiff seeks injunctive relief, based upon the court's previous judgment, asserting that

the alleged revocation of his parole was not attended by the minimal due-process rights recognized by this court in 1988.

Presently pending before the court is plaintiff's motion for a temporary restraining order. (docket # 136). In this motion, plaintiff seeks to restrain the Michigan Parole Board from conducting a parole eligibility interview under Mich. Comp. Laws § 791.235(1), scheduled for the week of August 11, 2008. The object of the interview is to determine whether plaintiff, who becomes eligible for release on parole on December 20, 2008, should be paroled or retained in custody.[1]

The purpose of a temporary restraining order under Fed. R. Civ. P. 65 is to preserve the status quo in order to prevent irreparable harm. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters, Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974). Although all aspects of the familiar four-part test for injunctive relief are relevant to an application for a temporary restraining order, the existence of irreparable injury is crucial. *See Wilson v. Wilkinson*, 28 F. App'x 465, 466 (6th Cir. 2002); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996); *Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006). In the present case, the court cannot discern the existence of any irreparable harm arising from the parole eligibility interview now scheduled for the week of August 11, 2008. As plaintiff himself acknowledges, a parole eligibility interview is a different proceeding from a parole revocation hearing. The best that plaintiff can muster is an argument that he may be forced during the interview to "accept responsibility" for the conduct leading up to revocation of his parole. This hardly

---

[1] For purposes of deciding the present motion only, the court will assume, without deciding, that plaintiff's custody is due in part to the revocation of his parole.

constitutes irreparable harm.  Plaintiff was convicted of a crime while on parole, and the parole board is certainly entitled to discern whether plaintiff has been rehabilitated to the extent that he can be trusted if released on parole.  Plaintiff's only contention in the present case is that his parole on the 2004 conviction was revoked without an opportunity for him to be heard in mitigation.  A parole eligibility hearing can neither cure nor aggravate any flaw in the process by which plaintiff's parole was revoked, if in fact it was revoked.  Indeed, the hearing may result in plaintiff's release from custody.

The court perceives no ground upon which to interfere with the orderly process of the Michigan Parole Board in conducting a parole eligibility hearing during the week of August 11, 2008.  In the absence of an emergency situation posing real, immediate and irreparable harm to plaintiff, the court should not grant extraordinary injunctive relief.  Accordingly:

IT IS ORDERED that plaintiff's motion for a temporary restraining order (docket # 136) be and hereby is DENIED.


Dated: August 12, 2008            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE