UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SCOTT ANDREW WITZKE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:87-cv-944 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| BARBARA SAMPSON, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| _____) | |

      This prisoner civil rights action, filed in December of 1987, challenged the constitutionality of a provision of the 1987 version Michigan parole revocation statute, MICH. COMP. LAWS § 791.240a, to the extent that the statute denied parole violators who had been convicted of a new crime the right to a parole revocation hearing, at least on the issue of mitigation. The case ended with the entry of a declaratory judgment in favor of plaintiff, declaring that plaintiff is entitled to a fact-finding hearing on the issue of mitigation as a prerequisite to any future parole revocation, regardless of the nature of the charge. The court declined to issue injunctive relief, but held open the possibility of a future injunction for violation of the court's judgment. In a consolidated habeas corpus action (case no. G88-325), the court granted habeas corpus relief, directing that petitioner be released from custody unless he were first afforded a proper revocation hearing on the issue of mitigation.

      Mr. Witzke has unfortunately incurred subsequent convictions and has faced parole revocation proceedings in the twenty-one years that have elapsed since the entry of the court's

declaratory judgment. As a result, he has had occasion to file motions in this case seeking to enforce the court's declaratory judgment. In response to those motions, however, the court has not found a violation of its previous decree. The matter is now before the court on plaintiff's most recent motion for injunctive relief under 28 U.S.C. § 2202 to enforce his right to a parole violation hearing. (docket # 118). The court ordered that the Attorney General respond to plaintiff's motion. The Attorney General filed a response, accompanied by his own motion to dismiss the proceeding. (docket # 129). Thereafter, plaintiff filed a motion for an evidentiary hearing. (docket # 132). The court has now reviewed the legal and factual submissions of the parties and finds that plaintiff is not entitled to relief under the court's 1988 declaratory judgment. The court further determines that any future efforts by Mr. Witzke to obtain relief must be brought by a new civil action, and not by motion in the present case.

### **Findings of Fact**

This action first arose from parole revocation proceedings that took place in May of 1987. At age 17, Scott Andrew Witzke was convicted in 1982 for property felonies, for which he was sentenced to a prison term of 2½-to-14 years. In 1987, plaintiff found himself the subject of a probation revocation proceeding, based upon a number of charges, including the assertion that he had maliciously destroyed police property. On May 27, 1987, Mr. Witzke pled guilty in state district court to a misdemeanor charge of destruction of property under $100.00. The Michigan Parole Board revoked his parole without a revocation hearing, acting pursuant to Mich. Comp. Laws § 791.240(a)(1), which provided for a revocation hearing except for revocations based upon commission of a felony or misdemeanor. Upon review, this court determined that the Parole Board

had deprived plaintiff of liberty without due process of law. Relying on Supreme Court and Sixth Circuit authority, the court found that a parolee is entitled to a hearing on the issue of mitigation, even when the fact of a parole violation is conclusively established by a criminal conviction. *See Witzke v. Withrow*, 702 F. Supp. 1338, 1351-53 (W.D. Mich. 1988).

On the basis of these findings, the court entered the following declaratory judgment:

> IT IS ORDERED, ADJUDGED AND DECLARED that Mich. Comp. Laws § 791.240a is unconstitutional insofar as it provides that parolees accused of a parole violation based on a criminal conviction are not entitled to a fact-finding hearing on the issue of mitigation.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECLARED that plaintiff is entitled to a fact-finding hearing on the issue of mitigation, with the procedures set forth in Mich. Comp. Laws § 791.240a, on any future parole revocation charges regardless of the nature of the charge.

Plaintiff's present application for relief arises from the following series of events. Plaintiff was convicted on September 27, 2004, of uttering and publishing in the Hillsdale County Circuit Court. The court sentenced him to a term of 23-months-to-14-years in prison. Plaintiff was released on parole on August 10, 2006. On February 26, 2007, he was arrested for alleged parole violations. The parole violation warrant charged one count of absconding and two counts of using a fraudulent banking device, in violation of state law. On March 22, 2007, two additional parole violation charges were added. The first was a charge of using a fraudulent banking device at a pharmacy and the other was a technical violation regarding the use of a checking account contrary to the conditions of parole. Plaintiff was lodged in the Charles Egeler Reception and Guidance Center for parole revocation proceedings. During that time, preliminary proceedings took place and an attorney was appointed for plaintiff. While he was detained at the Egeler Center, one of the parole violation charges ripened into an independent criminal case. The Wayne County prosecutor

charged plaintiff with uttering and publishing, arising from the same conduct at the pharmacy underlying the parole violation charge added on March 22, 2007. Plaintiff ultimately entered a plea of guilty to the Wayne County uttering-and-publishing charge and was sentenced on June 21, 2007, to a term of 18-months-to-20-years' imprisonment.

Upon returning to the Charles Egeler Center from Wayne County Circuit Court, plaintiff received a Basic Information Sheet, dated June 26, 2007. This document informed plaintiff that by reason of his incurring another sentence while on parole, the Parole Board had rescinded the parole order. It continued, "You will be scheduled for a hearing in accordance with the minimum expiration date stated on your new Basic Information Sheet." (docket # 134, Ex. A).

Michigan regulations (Michigan Department of Corrections Policy Directive 06.06.100 (eff. 2/26/07)) now entitle a parolee to a mitigation hearing when his parole has been revoked on account of a new criminal conviction. Revocation proceedings were essentially dropped, however, after plaintiff received his new sentence from the Wayne County Circuit Court.

### Discussion

**1.**

It is axiomatic that the Due Process Clause of the Fourteenth Amendment applies only when the state deprives a person of liberty or property. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007). The Supreme Court has squarely held that a parolee has a protectible liberty interest in continued parole status, which can only be revoked if the state affords minimal procedural safeguards. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). The typical parole revocation proceeding involves two distinct components:

(1) the "retrospective question" whether the parolee violated a condition of his parole, and (2) the discretionary question whether the violation warrants revocation. *See Black v. Romano*, 471 U.S. 606, 611 (1985). When parole revocation is based upon the commission of a new criminal offense, no hearing is necessary on the first question, as the parole violation is proven by the criminal judgment itself. Nevertheless, where the parole board retains discretion concerning the consequence of the conviction, a hearing on the second question (sometimes called "mitigation") is constitutionally required. *Black*, 471 U.S. at 612.

The court's previous declaratory judgment was based upon these principles, as applied to the facts then before the court. When this court first decided this case in 1988, plaintiff's parole had been revoked on account of his conviction for a misdemeanor offense. Relying upon Mich. Comp. Laws § 791.240, which did not extend to parolees convicted of a new crime the right to a revocation hearing, the Michigan Parole Board revoked plaintiff's parole and directed that he be reincarcerated. At that time, the only cause of plaintiff's incarceration was revocation of his parole. Because the Parole Board had deprived plaintiff of his liberty without the minimal procedural safeguards provided by *Morrissey* and its progeny, the court granted habeas corpus relief, requiring a mitigation hearing as a prerequisite to further incarceration. The court also declared plaintiff's right not to face a future loss of liberty without the required procedural safeguards.

In his present motion for injunctive relief, plaintiff invokes this court's declaratory judgment, arguing that the Parole Board is making the same mistake now that it did over twenty years ago. Plaintiff's argument is not meritorious, however, because the two situations are not equivalent. In the present circumstances, plaintiff was convicted by guilty plea on March 8, 2007, on a new felony charge of uttering and publishing in the Wayne County Circuit Court. By judgment

entered June 21, 2007, the court sentenced plaintiff to a term of 1½-to-20 years in prison. (Judgment, docket # 130, Attachment A). This criminal judgment, and not any revocation of plaintiff's preexisting parole, is the source of his present confinement.

Plaintiff's right to a mitigation hearing, as enunciated by the Supreme Court and Sixth Circuit and declared by this court's previous judgment, does not exist in the abstract. A parolee only has the right to a hearing when he is deprived of his liberty by the exercise of parole board discretion. *See Black*, 471 U.S. at 612; *Kellogg v. Shoemaker*, 46 F.3d 503, 508-09 (6th Cir. 1995); *Sneed v. Donahue*, 993 F.2d 1239, 1243-44 (6th Cir. 1993). *Morrissey* and its progeny do not require that a parole board be given discretion regarding when to revoke a parolee's status; rather, those cases simply require "that where such discretion is given, a revocation hearing is required." *Sneed*, 993 F.2d at 1244. In the present case, it is clear that plaintiff's present loss of liberty is a consequence of the criminal judgment handed down by the Wayne County Circuit Court, not any act of discretion by the Parole Board. That is why the Board "rescinded" parole. Plaintiff was in prison on a new conviction, and further release on parole was impossible until the minimum term on that sentence was served.

When a parolee receives a consecutive sentence for a new conviction obtained while on parole, state law requires recalculation of his sentence. *See generally Wayne County Prosecutor v. Dep't of Corrections*, 548 N.W.2d 900 (Mich. 1996). Officials of the Michigan Department of Corrections have now recalculated plaintiff's sentence, in light of his latest conviction, pursuant to the requirements of state statutory law. (Basic Information Sheet, docket # 134, Ex. A). He will be eligible for parole review after December 20, 2008. After plaintiff has served his recalculated

minimum sentence, he will be subject to possible release on parole once again. That decision, however, will be a matter of Parole Board discretion.

In short, plaintiff's new felony conviction essentially mooted any pending parole violation proceedings and relieved the Parole Board of any obligation to review the allegations of parole violation or the consequences thereof. Those consequences were dictated by the criminal judgment, not the Parole Board.[1]

On the foregoing basis, the court finds that plaintiff is not entitled to relief under this court's previous declaratory judgment, because the Parole Board has not deprived him of his liberty without due process of law.

**2.**

Since the time this court first entered its declaratory judgment in 1988, many things have changed. The Michigan Legislature has amended the Parole Act, the Administrative Regulations governing parole have been amended, and Congress has significantly changed the procedures governing both prisoner civil rights actions and habeas corpus applications. *See, e.g.,* Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996); Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). During that time, plaintiff has amassed further felony convictions and is now a fourth habitual offender under state law. These changed circumstances lead the court to conclude that it is no longer

---

[1] The situation facing the court in 1988 was distinctly different, because the revocation of plaintiff's parole at that time was based upon a *misdemeanor* conviction. Misdemeanors are punishable by up to one year in jail and cannot form the basis for a prison sentence. Consequently, in 1988, the Parole Board's decision, reached without a mitigation hearing, to recommit plaintiff to prison was the only cause of his imprisonment. By contrast, the present cause of his imprisonment involved no act of discretion by the Parole Board.

prudent or procedurally viable to allow plaintiff to seek relief in this 21-year-old case by the mere expedient of filing a motion.

The court therefore notifies plaintiff that any further claim for relief must be brought by a new civil rights or habeas corpus action, in compliance with the statutory prerequisites that now govern those proceedings. If plaintiff's new cause of action involves the issue of parole, the declaratory judgment in this case will be given full *res judicata* effect, to the extent that it is applicable. Therefore, the requirement that plaintiff file a new action will not deprive him of any substantive right, but will merely assure that the procedural rules now applicable to civil rights and habeas corpus actions will be complied with.

## Conclusion

For the foregoing reasons, plaintiff's motion for a preliminary injunction (docket # 118) will be denied. Plaintiff's request for an evidentiary hearing (docket # 132) will also be denied, as no material factual matter is in dispute. Defendant's motion to dismiss plaintiff's motion (docket # 129) will be denied as moot.


Dated: December 9, 2008                                 /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE